JOBIE WILLIAMS v. ERNEST FORREST AND GEORGE KNOTT, TRADING AS FORREST AND KNOTT.

(Filed 5 October, 1932.)

**1. Appeal and Error J e—Exclusion of immaterial evidence will not be held for reversible error.**

The exclusion of evidence, which if competent, is not material, will not be held for reversible error.

**2. Trial E f—Misstatement of contentions must be brought to trial court's attention in apt time.**

A misstatement of the contentions of a party must be brought to the trial court's attention in apt time in order to afford an opportunity for correction, and when this has not been done an exception based thereon will not be considered on appeal.

APPEAL by defendants from *Cranmer, J.,* and a jury, at May Term, 1932, of PITT. No error.

This is an action brought by plaintiff, a Negro tenant, against the defendants, landlords, to recover $639.02 and interest from 1 January, 1931, for breach of a farm contract. The issues submitted to the jury and their answers thereto, were as follows:

"1. Did the plaintiff have a full settlement of matters and things existing between them on 8 January, 1931? Answer: No.

2. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: $172.99, with interest at six (6) per cent, from 1 January, 1931."

Judgment was rendered in the court below in accordance with the verdict. The defendants made numerous exceptions and assignments of error and appealed to the Supreme Court.

*Albion Dunn for plaintiff.*
*F. G. James & Son for defendants.*

PER CURIAM. We have examined the exceptions and assignments of error made by defendants, as to the exclusion of certain evidence offered by defendants, and do not think they can be sustained. If the evidence was competent, it does not seem to be to any extent material and we do not think the exclusion of same would have affected the verdict, and therefore prejudicial. The plaintiff's action for breach of contract against the defendants was for $639.02, and there was evidence to that effect, the jury gave only $172.99.

The exceptions and assignments of error as to the charge cannot be sustained. Some exceptions were made to contentions, and, if erroneous,

the matter should have been called to the attention of the court at the time, so that correction could have been made. As this was not done, the exceptions and assignments of error cannot be considered. The charge was full and explicit and did not impinge on C. S., 564 by giving an opinion as to whether a fact is fully or sufficiently proven, this being the province of the jury to determine.

The whole matter was one of fact to be determined by the jury. The jury has decided for plaintiff against defendants, and as we find no error in law, we cannot disturb the judgment rendered on the verdict. We find